UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

IN RE:
MATERIAL WITNESS WARRANT
FOR MYTAVIOUS CARRIGAN

_____/

1:23-mw-40008
Judge: Ludington, Thomas L.
MJ: Morris, Patricia T.
Filed: 10-17-2023

### MEMORANDUM OF LAW IN SUPPORT OF MOTION
### FOR MATERIAL WITNESS ARREST WARRANT

The Court has the authority under 18 U.S.C. § 3144 to detain an individual as a material witness in any criminal proceeding.

Title 18, United States Code, Section 3144 provides that:

> If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142. . . .

All that these provisions require is that it appears by Affidavit that:

1. The testimony of a person is material;

2. In any criminal proceeding; and

3. It may become impracticable to secure his presence by subpoena.

The Ninth Circuit has explained the requirements of obtaining a material witness arrest warrant as follows:

> Before a material witness arrest warrant may issue, the judicial officer must have probable cause to believe (1) "that the testimony of a person is material" and (2) "that it may become impracticable to secure his

presence by subpoena." These requirements are reasonable, and if they are met, an arrest warrant may issue.

In the case of a grand jury proceeding, we think that a mere statement by a reasonable official, such as the United States Attorney, s sufficient to satisfy criterion (1). This is because of the special function of the grand jury; it has exceedingly broad powers of investigation, and its proceedings are secret.

* * *

On the other hand, we think that, as to criterion (2), sufficient facts must be shown to give the judicial officer probable cause to believe that it may be impracticable to secure the presence of the witness by subpoena. Mere assertion will not do.
*Bacon v. United States*, 449 F.2d 933, 943 (9th Cir. 1971) (citations

omitted). The material witness request in this case meets these requirements

in that it states in affidavit form that:

1. Mytavious Carrigan is a material witness in investigation and rial of

   Devin Pullins;

2. A subpoena will not be effective to ensure the attendance of before

   the United States District Court in the Eastern District of Michigan.

It is the belief of the United States government officials that if a

material witness arrest warrant is not issued at this time, his testimony will

probably be lost to the trial in district court and will not be available in any

subsequent criminal proceeding in the United States.

Therefore, pursuant to 18 U.S.C. § 3144, it is requested that

Mytavious Carrigan be arrested forwith and required to meet bail in an

amount of not less than $500, 000 cash and that if he should fail to post

bail, he should remain in the custody of the United States Marshal in order

to ensure his appearance before the Court at trial on or about November 14, 2023.

Respectfully submitted,

Dated: October 17, 2023

Dawn N. Ison
United States Attorney

*/s/ J. Michael Buckley*

Assistant United States Attorney
101 First Street, Suite 200
Bay City, Michigan 48708
(989) 891-0361
michael.buckley@usdoj.gov